**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABAI MAKESHOV,<br>　　　　　Petitioner,<br><br>　　v.<br><br>LEONARD ODDO, et. al.,<br>　　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-808 |

**<u>MEMORANDUM OPINION</u>**

Pending now before the court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed on behalf of Abai Makeshov ("Makeshov").  Leonard Oddo, et.al. (collectively, "Respondents") filed a response in opposition (ECF No. 8).  Makeshov filed a reply brief (ECF No. 9) and the government filed a surreply (ECF No. 11).  The petition is ripe for decision.

Makeshov, a citizen of Kyrgyzstan, asserts that he is entitled to immediate release or an individualized bond hearing.  Makeshov acknowledges that he is being detained pursuant to 8 U.S.C. § 1226(a) (not § 1225, the statutory authority cited by the government in many recent habeas cases) (ECF No. 1 at 8).  Makeshov also acknowledges that he had a bond hearing before an immigration judge on April 9, 2026 (ECF No. 1 at 6).  The immigration judge denied bond on the ground that Makeshov was a flight risk (ECF No. 1 at 6).  Makeshov argues that the process used to detain him was constitutionally inadequate because he did not receive a meaningful written explanation.  Makeshov asserts he is not a flight risk or danger to the community.

Makeshov argues in his reply brief that the government's notice to appear (ECF No. 8-1) is facially contradictory because it identified him both as an alien who <u>had not</u> been admitted and as an alien who <u>had</u> been admitted on May 23, 2023 as a Non-Immigrant B2 Visitor for

Pleasure/Tourism and overstayed his visa.[1]  He asks the court "to accept that Petitioner received meaningful process," (ECF No. 9 at 4), but the inconsistency in the charging document required a more fulsome explanation of detention than a "bare 'flight risk' label." *Id.*  Makeshov did not cite any authority for this proposition.  The government addressed this argument in its surreply brief, and attached a superseding Form I-261 that corrected the error (ECF No. 11-1).

The government agrees that Makeshov is being held pursuant to discretionary detention authority under § 1226(a) and that he already had a bond hearing before an immigration judge (ECF No. 8 at 2, 4).  The government maintains that Makeshov is not entitled to another bond hearing.

In *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a request from a petitioner being held in discretionary detention under § 1226(a).  The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration.  *Id.* at 276. The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* at 279.  The court explained:  "Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.*

---

[1] It appears that the wrong box may have been checked on the Notice to Appear.  ECF No. 8-1 at 2.

The same result is appropriate here.  Makeshov argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9).  That argument, however, is foreclosed by binding precedent.  *See Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing.").  Makeshov's attempts to distinguish *Borbot*, (*see* ECF No. 1 at 11 and ECF No. 9 at 7-9), are unpersuasive.  The court in *Borbot* stated: "Borbot was granted meaningful process prior to filing his habeas petition."  *Borbot*, 906 F.3d at 279.  In this case, Makeshov recognizes that he "received meaningful process," (ECF No. 9 at 4), but nevertheless asks this court to order his immediate release or require another bond hearing (ECF No. 9 at 13-14).  Makeshov has not identified a cognizable constitutional defect in the prior bond hearing and, in essence, asks this court to set aside the immigration judge's discretionary denial of bond.

The court agrees with the government that Makeshov's argument based on the apparent inconsistency in the Notice to Appear is not persuasive.  The argument was not properly raised in Makeshov's initial motion; this court lacks jurisdiction based on 8 U.S.C. § 1252(b)(9), *see Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026); and the argument is moot in light of the corrected notice (ECF No. 11-1).

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1), will

be denied.

An appropriate Order will be entered.

Dated:  June 3, 2026                                    BY THE COURT:

                                                       /s/ Joy Flowers Conti
                                                       Joy Flowers Conti
                                                       Senior United States District Court Judge